Douglas J. Pick
Eric C. Zabicki
**PICK & ZABICKI LLP**
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

*Counsel to Valerie S. Amsterdam,
Mark L. Amsterdam, Lauren J. Amsterdam,
Matthew L. Amsterdam, John D. Amsterdam,
Cathy Amsterdam Vogel and Joel Vogel*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              Chapter 13
PAUL FOLEY,                                         Case No. 18-22698 (RDD)

                    Debtor.
------------------------------------------------------------x

### APPLICATION IN SUPPORT OF MOTION
### FOR AN ORDER DISMISSING THE CHAPTER 13 CASE

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE

Valerie S. Amsterdam, Mark L. Amsterdam, Lauren J. Amsterdam, Matthew L. Amsterdam, John D. Amsterdam, Cathy Amsterdam Vogel and Joel Vogel (collectively, the "Movants"), by and through their undersigned counsel, as and for their application (the "Application") for entry of an Order: (a) pursuant to § 1307(c) of title 11 of the United States Code (the "Bankruptcy Code"), dismissing this chapter 13 case commenced by debtor Paul Foley (the "Debtor") with prejudice as to the Debtor's filing of a petition for relief under any chapter of the Bankruptcy Code for a period of one (1) year, respectfully represents and alleges as follows:

### PRELIMINARY STATEMENT

1. The Debtor is a serial filer who has mastered the art of improperly utilizing the Bankruptcy Code with the singular goal of delaying the foreclosure sale of his home (which he

jointly owns with his non-debtor spouse while the obligations secured by the home continue to go unpaid) and avoiding the Movants efforts to collect on their judgment debt against the Debtor which this Court previous deemed non-dischargeable. The Debtor's most recent filing, this time under chapter 13 after two (2) prior chapter 7 filings, is yet another example of the Debtor's misuse of the bankruptcy process.

2.    As more fully discussed herein, this case must be dismissed because, for among other reasons: (a) it was commenced before the prior chapter 7 case was closed in an improper attempt to achieve a "Chapter 20" discharge, (b) the Debtor's secured and unsecured obligations are far in excess of the eligible debt limits for a chapter 13 debtor, (c) the Debtor has no income of his own, and (d) the disclosed income of his non-debtor spouse is insufficient to meet the Debtor's plan/non-plan obligations.

## BACKGROUND

3.    By way of background, on August 19, 2015, a Judgment was entered in favor of the Movants and against the Debtor for the principal amount of $1,700,000, plus interest, costs and disbursements in a state court action titled *Valerie S. Amsterdam, et al. v. Paul Foley, et al.*, Index No. 654286/2016.

4.    In the interim, on August 1, 2013, MNH Sub I, LLC (the "Mortgagee") commenced an action in the Supreme Court of the State of New York, Westchester County, titled *MNH Sub I, LLC v. Michele S. Foley, et al.*, Index No. 61476/2013, seeking to foreclose on a mortgage against the Debtor's home located at 20 Hook Road, Bedford, New York (the "Bedford

Property").[1] The Debtor resides at the Bedford Property, which is jointly owned by the Debtor and his non-debtor spouse, Michele S. Foley.[2] A foreclosure judgment was entered on August 15, 2016 and a foreclosure sale of the Bedford Property was scheduled to be conducted on December 9, 2016.[3]

5. On December 8, 2016, one (1) day prior to the scheduled foreclosure sale, the Debtor filed a chapter 7 petition with this Court (Case No. 16-23691 (RDD)) on a *pro se basis* (the "First Filing"). Marianne O'Toole was appointed as Chapter 7 Trustee of the Debtor's estate. No schedules or required statements were ever filed by the Debtor nor did Debtor comply with his credit counseling obligations, all in defiance of the Bankruptcy Code, the Bankruptcy Rules and various deficiency notices issued by this Court.

6. On March 13, 2017, the Movants commenced an adversary proceeding against the Debtor with this Court (Adv. Proc. No. 17-08217 (RDD)) seeking the entry of judgment determining that the amounts owed by the Debtor to the Movants under the state court Judgment were excepted from discharge pursuant to §§ 523(a)(2)(A), (a)(2)(B) and (a)(4) of the Bankruptcy Code and denying the Debtor a discharge pursuant to §§ 727(a)(2), (a)(3), (a)(4), (a)(5) and (a)(6) of the Bankruptcy Code. The Debtor did not bother to appear in said action. As a result, a Default

---

[1] The Movants brought the state court action seeking to recover $1,700,000 which they had loaned and invested at the Debtor's behest based upon claims of fraud, breach of fiduciary duty and breach of contract and further seeking accountings concerning various entities and injunctive relief. The crux of the Movants' complaint was that the Debtor misused his twenty-year personal relationship with Mark L. Amsterdam and made numerous misrepresentations (*e.g.*, that amounts loaned or invested by the Movants would be utilized for specific real estate projects but were later utilized for other purposes, that the Movants were the only investors in the projects in which they made loans or investments, that he and all of his business ventures were flourishing and debt free, etc.) in order to induce the Movants to make the loans and investments at issue. The Debtor did not appear in or otherwise put forth a defense in the action. No part of the monies loaned or invested by the Movants were ever repaid. Clearly trickery and deceit are no strangers to the Debtor.

[2] Michele S. Foley is jointly and severally liable with the Debtor (among others) for the amounts owed to the Movants under the Judgment.

[3] The Movants have expressed an interest in bidding on the Bedford Property at the foreclosure sale.

3

Judgment was entered on May 8, 2017, a copy of which is attached hereto as *Exhibit "A"*, declaring the Debtor's obligations to the Movants non-dischargeable and denying the Debtor a discharge.

7. On July 6, 2017, the Chapter 7 Trustee filed a motion to dismiss the First Filing, a copy of which is attached hereto as *Exhibit "B"*, as a result of the Debtor's repeated failures to comply with his obligations under the Bankruptcy Code as set forth in detail therein. At this time, the Debtor was still representing himself *pro se* despite repeatedly asserting that he would be retaining counsel so as to obtain adjournments and extensions. On August 7, 2017, an Order was entered dismissing the First Filing.

8. Following the dismissal of the First Filing, the Mortgagee scheduled a foreclosure sale of the Bedford Property to be conducted on September 25, 2017. One week prior thereto, and on September 18, 2017, the Debtor filed a second chapter 7 petition with this Court (Case No. 17-23439 (RDD)) (the "Second Filing"). Howard Magaliff was appointed as Chapter 7 Trustee of the Debtor's estate. As was the case with the First Filing, the Second Filing was timed to further delay the foreclosure sale of the Bedford Property. Although he was clearly aware that Pick & Zabicki LLP ("P&Z") was counsel to the Movants in the First Filing, the Debtor failed to list P&Z as a notice party in the Second Filing. The Debtor had retained Robert S. Lewis, Esq. as his counsel in the Second Filing.

9. On October 11, 2017, the Mortgagee filed a motion for relief from the automatic stay as to its interests, rights and remedies in and to the Bedford Property. On December 22, 2017, the Debtor filed a request for loss mitigation concerning the Bedford Property. The Mortgagee's motion was granted on the condition that the Debtor make adequate protection payments. The Debtor failed to make any adequate protection payments and, as such, the Mortgagee

4

was granted relief from the automatic stay on February 26, 2018. A third foreclosure sale was scheduled to be conducted on May 14, 2018 by the Mortgagee. Loss mitigation was ultimately terminated on May 2, 2018. On May 7, 2018, the Discharge Order was entered and the case was closed on May 10, 2018.

10. On May 9, 2018, *i.e.*, one (1) day prior to the Second Filing having been closed and five (5) days prior to the May 14, 2018 foreclosure sale, the Debtor, again with the assistance of Robert S. Lewis, Esq. as counsel, commenced this third bankruptcy proceeding, but this time under chapter 13 of the Bankruptcy Code (the "Third Filing"). Krista Preuss was appointed as the Chapter 13 Trustee. Simultaneously with the filing of his chapter 13 petition, the Debtor filed a model chapter 13 plan along with a new application for loss mitigation concerning the Bedford Property. On May 23, 2018, the Mortgagee filed an objection to the Debtor's loss mitigation request, a copy of which is attached hereto as *Exhibit "C"* (ECF No. 8), wherein the Mortgagee noted, among other issues, that the mortgage note had fully matured on February 1, 2018 and the full note balance of approximately $445,707.67 is currently due. As such, loss mitigation is not available to the Debtor.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this case and this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409. The statutory predicates for the relief sought herein is § 1307(c) of the Bankruptcy Code.

5

## DISCUSSION

### A. This Case Should Be Dismissed

12. Section 1307(c) of the Bankruptcy Code provides, in relevant part, as follows:

> [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause...

13. The Bankruptcy Code does not define "cause" however, the legislative history provides some guidance in that the "facts of each request will determine whether relief is appropriate under the circumstances." In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) (quoting H.R. Rep. No. 595, 95th Cong. 2d Sess. 343-44, *reprinted in* 1978 U.S. Code Cong. & Admin. News 6300). The burden of proof on a motion seeking modification of the automatic stay and/or dismissal for "cause" is a shifting one: the movant has the initial burden of showing that "cause" exists and once established, the burden shifts to the party opposing stay relief to disprove its existence. In re Mazzeo, 167 F.3d 139, 142 (2d Cir. 1999).

14. Turning to the instant case, the Movants respectfully submit that "cause" for the dismissal of the Debtor's chapter 13 case exists. First, the Debtor commenced this chapter 13 case in an improper attempt to achieve what is commonly referred to as a "Chapter 20" discharge. As stated by Chief Bankruptcy Judge Carla E. Craig in In re Lord, 295 B.R. 16 Bankr. E.D.NY. 2003):

> This Court agrees with the majority rule articulated in *In re Turner [207 B.R. 373 2d Cir. B.A.P. 1997)]*. There, the Bankruptcy Appellate Panel for the Second Circuit, faced with debtors who filed a Chapter 13 petition four days before the foreclosure sale of their home was to take place, and following the unopposed lifting of the stay of their pending Chapter 7 case, analyzed both the majority and

minority rule on the permissibility of "simultaneous Chapter 20" filings, and observed as follows:

> While the majority view may be viewed as an absolutist position, the minority view does run the risk of making available an easy avenue for abuse of the bankruptcy system that would allow debtors to file multiple cases if they do not achieve their intended goal in the particular case.
>
> * * *
>
> The existence of multiple case may indicate an exploitation of the bankruptcy process and an attempt at reimposing the automatic stay after it had been previously lifted. In the case of simultaneous filings, this is especially likely since a debtor in most instances has an absolute right of conversion during the pendency of the case, obviating the need for a second filing. The only rationale for not converting an open case and filing a new petition is the creation of a new automatic stay. Consequently, by initiating a new case, the [debtor] effectively frustrated the say relief. . .

Id. at 19 (*quoting* In re Turner, 207 B.R. 373, 379 (2d Cir. B.A.P. 1997)). Again, the Debtor commenced this chapter 13 case on May 9, 2018 at which time the Second (chapter 7) Filing was still pending. Accordingly, the Debtor was precluded from proceeding with this case, notwithstanding that the Second Filing was subsequently closed.

15. Second, it is evident that the Debtor does not qualify as a chapter 13 debtor. In this regard, §109(e) of the Bankruptcy Code provides, in relevant part, as follows:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200…may be a debtor under chapter 13 of this title.

16. It cannot be disputed that the amounts owed by the Debtor to the Movants

under the non-dischargeable Judgment *alone* total in excess of $2,000,000 and that, having been awarded under a final, non-appealable judgment, such obligations are not contingent or unliquidated.[4] The Debtor apparently scheduled the Judgment debt owed to the Movants as being unsecured, however the classification of such debts makes no difference as the Judgment debt exceeds the total secured/unsecured debt limit of $1,578,925 provided for under § 109(e) of the Bankruptcy Code by some $565,000. Coupled with the $445,707.67 secured debt which the Mortgage asserts was owed by the Debtor as of May 23, 2018 and the other unsecured debts scheduled by the Debtor (including a $501,873 indebtedness to SBDI-LLC), the Debtor's current secured/unsecured debt load is in excess of $3,000,000. Also, the Debtor's schedules indicate that he is unemployed and has no income of his own. Clearly the Debtor is not an eligible chapter 13 debtor under the Bankruptcy Code.

17.    Third, it is evident that the Debtor commenced this chapter 13 case in bad faith and not for legitimate bankruptcy purposes. In considering whether cause for dismissal exists, courts may consider whether the debtor's resort to the bankruptcy code was done in "bad faith." *See, e.g.* In re Setzer, 47 B.R. 340, 344 (Bankr. E.D.N.Y. 1985). In doing so, courts consider the "totality of the circumstances", including the presence or absence of numerous factors which are indicative of "bad faith". *See, e.g.*, In Re Tornheim, 239 B.R. 677, 686 (Bankr. E.D.N.Y. 1999). Among the factors considered are whether: (1) the debtor has only one asset; (2) that asset is encumbered by secured liens; (3) the petition was filed on the eve of foreclosure; (4) the debtor's sole or major asset is the subject of a foreclosure action as a result of arrearages or default on debt; (5) the pre-petition

---

[4] The Judgment was entered on August 19, 2015 in the total amount of $1,706,798.72 and interest is accruing thereon at the New York statutory rate of 9% per annum. As a result, the current amount due under the Judgment is not less than $2,142,885.79.

8

conduct of the debtor was proper; (6) there are available sources of income to fund a repayment plan; (7) there are few, if any, unsecured creditors; (8) the reorganization essentially involves the resolution of a two-party dispute; (9) the debtor filed the bankruptcy case solely to invoke the automatic stay. Id. (*citing* In re Klevorn, 181 B.R. 8, 11 (Bankr. N.D.N.Y. 1995). At its core, the "good faith analysis must determine whether the filing is fundamentally fair to creditors and, more generally, is the filing fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions." In re Love, 957 F.2d 1350, 1357 (7th Cir. 1992).

18.    As discussed above, this is the Debtor's third bankruptcy filing in the past seventeen (17) months, all of which were filed on the eve of scheduled foreclosure sales of the Bedford Property. As discussed above, the Debtor is not eligible to be a chapter 13 debtor as he has no regular income and his debts are far in excess of the permissible limits. As further discussed above, the Debtor is not eligible for loss mitigation regarding the Bedford Property as the underlying mortgage note has matured. Considering the totality of the circumstances, it is clear that the Debtor's chapter 13 case was not commenced in a good faith attempt by the Debtor to reorganize his financial affairs. Rather, it is obvious that the Debtor filed solely to further delay a foreclosure sale for as long as possible while the Debtor plots his next maneuver once this case is dismissed. Respectfully, permitting the Debtor to remain under the protections of chapter 13 under these circumstances would be an improper abuse of the Bankruptcy Code.

19.    Lastly, the Movants respectfully request that, upon dismissal of this case, the Court enjoin the Debtor from filing a petition under any chapter of the Bankruptcy Code for a period of one (1) year. Given the circumstances, it appears highly likely that, once this case is dismissed and a new foreclosure sale has been scheduled, the Debtor (and/or his wife) will file yet another

bankruptcy petition in a continuing attempt to frustrate the legitimate rights of his creditors. This would be highly improper and prejudicial to creditors of the Debtor given that, among other things, the Debtor has already successfully stayed the foreclosure sale for approximately a year and half as a result of his serial bankruptcy filings. As such, dismissal with prejudice to refiling for one (1) year is warranted.

## CONCLUSION

20. Based upon the foregoing, the Movants respectfully request the Court grant the Application in its entirety together with such other and further relief as may be just and proper.

Dated: New York, New York
    June ___, 2018

                                    PICK & ZABICKI LLP

                                    By: _____
                                        Douglas J. Pick, Esq.
                                        369 Lexington Avenue, 12th Floor
                                        New York, New York 10017
                                        (212) 695-6000

                                    *Counsel to Valerie S. Amsterdam, Mark L. Amsterdam, Lauren J. Amsterdam, Matthew L. Amsterdam, John D. Amsterdam, Cathy Amsterdam Vogel and Joel Vogel*