Date of Hearing: August 15, 2018
                                        Time of Hearing:   10:00 a.m.

Robert S. Lewis, Esq.
*Attorney for Debtor*
53 Burd St.
Nyack, New York 10960
(845)358-7100
robert.lewlaw1@gmail.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re

                PAUL FOLEY,                Case No. 18-22698(rdd)
                                                    Chapter 13
                      Debtor.

-------------------------------------------------------------X

**TO THE HONORABLE ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE**

    **ROBERT S. LEWIS**, an attorney duly licensed to practice law in the Courts of the State of New York, and the United States District Court for the Southern District of New York,  makes the following declaration under penalties of perjury:

    1.    I am the attorney for the Debtor Paul Foley, and as such I am fully familiar with the facts and circumstances of this matter through conversations with my client and a review of the file maintained by my office.

    2.    I make this declaration in opposition to the motions pending before the Court, and specifically those motions seeking to vacate the automatic

1

stay as to the property at 20 Hook Rd., Bedford, New York (the "Premises"), which is the debtors homestead.

3. The premises have an appraised value of $780,000.00 and is encumbered by a first mortgage in the amount of $ 447,000.00, resulting in approximately $343,000.00 in equity.

4. Thus, the lack of equity argument put forth by the movant MNH Sub I, LLC, as provided by 11 USC §362 necessarily fails.

5. The liens held by the Amsterdam's can and will be stripped pursuant to 11 USC § 505. The Debtor received a discharge as to these judgments by virtue of a previous Chapter 7 filed under Case No. 17-23499. (Exhibit "A")

6. Perhaps more importantly, the non-filing co-debtor spouse is absolutely entitled to file her own bankruptcy advance her own effort to retain the premises and address the Amsterdam judgments. The movant is clearly engaged in tactics intended to deprive Michelle Foley of her rights to become a debtor and to retain her property, under the guise of accusing Paul Foley of bad-faith filings.

7. The debtors' filings are made in good faith to accomplish legitimate purposes, such as discharge of the Amsterdam debt, which in fact occurred in the debtors successful Chapter 7, which resulted in a discharge of those personal obligations. The liens which remain on the debtors' residence shall be avoided pursuant to 11 USC § 506, which will then allow for replacement financing of the debtors residence.

8. The movants claims of suspicious timing and sequencing of the debtors filings are misplaced and untrue, and there is no "cause" for the in rem relief sought by the movant pursuant 11 USC § 362(d)(4)(B). Such cause exists where it is established that "the current filing is part of ac scheme, that the scheme involved the transfer of real property, or multiple filings, and that the object of the scheme is to hinder, delay and defraud".

9. The movant misstates the facts and circumstances regarding the debtors previous filings, and contrary to movants assertion, Michelle Foley has never filed a bankruptcy petition.

10. Debtors previous filings were not frivolous as movant asserts, as legitimate objectives were sought and obtained by the debtor's Chapter 7 filing.

11. Nor is filing just prior to a scheduled sale constitute bad faith. While there are odd cases holding to the contrary, my 30 years of experience before this Court indicates that last minute filings are the rule, rather than the exception. Such filings are, in fact, the option of last resort, when all else fails.

12. In the approximately 2000 filings made by my office, I would venture that 60% have been last minute filings intended to stop a foreclosure sale.

13. Because the movant is a first mortgage lien owed approximately $447,000.00 while the premises have an appraised value of $780,000.00, there is ample equity cushion to protect the movants position. Exhibit "B" .

14. Thus, Amsterdam liens have absolutely no effect upon the movants ability to protect its lien. Indeed, the movant claims a value of $971,821.00, which is well in excess of its lien by more than a half-million dollars.

15. Movant alleges no payments in one breath, and then claims no arrears because the loan has matured. See movants Application at ¶ "14"

16. The fact that the loan has been in default since 2010 is in no way attributable to debtors conduct. No foreclosure was commenced until 2013, and the Judgment of Foreclosure and Sale was not obtained until 2016, yet movant implies some delay on debtors part.

17. On May 7, 2018 Debtor was granted a discharge in his Chapter 7 proceeding, which included the debt owed to the Amsterdams'. That filing was therefore legitimate and not in bad faith as the movant asserts.

18. Because the previous filings were filed in good faith for legitimate bankruptcy purposes, the movant may not now seek relief *in rem*.

19. Such relief may only be obtained where the movant can establish that the current filing is "part of a scheme, that the scheme involved the transfer of real property, or multiple filings, and that the object of the scheme is to hinder, delay and defraud"

20. None of these elements are present herein. If that were the case, movant might have sought such relief after the 2016 Chapter 7(16-23691(rdd)) case was dismissed, and the 2017 Chapter 7(17-23439(rdd)) case was filed. This, it

4

failed to do, and then waited until the instant Chapter 13 was filed. Debtors filings are legitimate and have a legitimate bankruptcy purpose.

21. As this Court is well aware, the filing of a Chapter 13 following a Chapter 7 discharge is quite common, and is not considered to be in bad faith. While your declarant does not have access to such statistics, one can surmise that such a filing sequence occurs in more than 40% of consumer cases where a residential homestead is involved.

22. Burden of showing irreparable harm in seeking relief from automatic stay against codebtor under 11 USCS § 1301 rests upon creditors; 11 USCS § 1301(c)(2) does not permit lifting automatic stay against codebtor so that creditor will receive each payment on date it is due under original note; automatic stay may be lifted under § 1301(c)(3) only when irreparable harm is shown, and late payments to creditor do not rise to status of irreparable harm. In re Harris (1982, BC ED Tenn) 16 BR 371, 5 CBC2d 1262, CCH Bankr L Rptr P 68543.

*23.* Moreover, the creditor may not claim irreparable harm where its position is secured by ample equity, and it did not complete its foreclosure for eight (8) years after the debtors default. See, *In re Humphrey, 310 BR 735(WD Mo. 2004)*. In this case, the creditor has advanced no argument to support its claim of irreparable harm; at best any such harm would appear to be "self-inflicted"given the eight years it took to bring its foreclosure to the point of sale.

*24.* Any claim of irreparable harm would therefore be disingenuous and intellectually dishonest.

25. Thus, the timing and sequence of filings herein may not be utilized to grant *in rem* relief as requested by the movant, and *in rem* relief is inappropriate in this case.

26. Debtor is prepared to tender a payment which would cure the July 2018 payment deficiency and cure any alleged default.

**WHEREFORE**, the creditor MNH SUB I has not established its entitlement to relief under the Code, and its motion to vacate the automatic stay pursuant to 11 USC §362(d)(1) and §362(d)(2) and in rem relief pursuant to 11 USC §1301(c)(3) and 11 USC §362(d)(4)(B), 11 USC §§109(g)(1) and 11 USC 105(a) must be denied in its entirety.

Dated:   August 12, 2018
         Nyack, New York

_____/s/_____
ROBERT S. LEWIS, ESQ.(RL3026)
Attorney for Debtor
53 Burd St.
Nyack, New York 10960
(845)358-7100

TO:   Knuckles, Komosinski & Manfro, LLP
      565 Taxter Rd.
      Suite 590
      Elmsford, New York 10523

6